**WO**                                                                                                        MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward F. Parks, et al., | No. CV 12-8149-PCT-GMS (DKD) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Aphera Financial Services, et al., | |
| Defendants. | |

On July 30, 2012, Plaintiff Edward F. Parks, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  In an August 27, 2012 Order, the Court noted that Plaintiff had not paid the filing fee or filed an Application to Proceed *In Forma Pauperis* and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.[1]

On September 10, 2012, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. 4).  Attached to the Application to Proceed was a statement by Plaintiff that his inmate trust account statement was delayed and that he would mail it to the Court as soon as he received it.  On September 14, 2012, Plaintiff filed a "Motion to Present, Trust Account

---

[1]The Court also noted that Plaintiff had listed Amelia Elen French as an additional Plaintiff in his Complaint and dismissed that individual because Plaintiff has no standing or authority to bring this action on her behalf.

Statement" (Doc. 5) and included with his Motion a printout of his Arizona Department of Corrections inmate bank account statement.  The printout is not certified by an authorized officer of the institution and does not show deposits and average monthly balances, as required.

**I.      Motion to Present**

The Court will grant Plaintiff's Motion to Present to the extent he is seeking to file with the Court his uncertified inmate bank account statement.  The Court will deny his Motion to the extent he is seeking other relief.

**II.     "Three Strikes Provision" of 28 U.S.C. § 1915(g).**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.

At least three of Plaintiff's prior actions were dismissed for failure to state a claim. See Parks v. Jensen, CV-07-8107-PCT-FJM (DKD) (D. Ariz. Sept. 2, 2008 Order of dismissal); Parks v. Holy, CV-09-406-HE (W.D. Okla. Oct. 14, 2009 Order of dismissal); and Parks v. Cornell Corrections of Oklahoma, CV-09-450-HE (W.D. Okla. Sept. 1, 2009 Order of dismissal). See also Parks v. McCluskey, 10-CV-8055-PCT-GMS (DKD) (May 24, 2012 Order listing Plaintiff's strikes and dismissing case pursuant to § 1915(g)).  Therefore,

1    Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee

2    unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

3    **III.    Imminent Danger**

4            A plaintiff who has three or more strikes may not bring a civil action without complete

5    prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical

6    injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or

7    prison condition [must be] real and proximate," Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th

8    Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations

9    must be "specific or credible." Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001).

10           "[T]he availability of the [imminent danger] exception turns on the conditions a

11   prisoner faced at the time the complaint was filed, not some earlier or later time" Andrews

12   v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint

13   makes a plausible allegation that the prisoner faced 'imminent danger of serious physical

14   injury' at the time of filing." Id. at 1055. Claims concerning an "imminent danger of serious

15   physical injury" cannot be triggered solely by complaints of past abuse. See Ashley v.

16   Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Luedtke v. Bertrand, 32 F. Supp. 2d 1074, 1077

17   (E.D. Wis. 1999).

18           Plaintiff does not allege that he is in imminent danger of serious physical injury and

19   his allegations do not support such an allegation—his claims relate to the purchase and

20   repossession of a truck. Thus, the Court will deny the Application to Proceed and will

21   dismiss without prejudice Plaintiff's Complaint and this action, pursuant to 28 U.S.C.

22   § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must ***prepay*** the **entire**

23   $350.00 filing fee when he files his action.

24           **IT IS ORDERED:**

25           (1)    Plaintiff's "Motion to Present, Trust Account Statement" (Doc. 5) is **granted**

26   **in part** to the extent he is seeking to file with the Court his uncertified inmate bank account

27   statement and **denied in part** as to any other relief he may be requesting.

28           (2)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 4) is **denied**.

1      (3)     Plaintiff's Complaint (Doc. 1) and this action are **dismissed without**

2  **prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the

3  future, he must prepay the entire $350.00 filing fee when he files his action.

4      (4)     The Clerk of Court must enter judgment accordingly and close this case.

5  DATED this 17th day of October, 2012.

6

7

8                                         G. Murray Snow

9                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28